# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ALAN D. BUMPERS, # 128911, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 19-1125-CG-MU |
| GOVERNOR KAY IVEY, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is the undersigned's recommendation that Plaintiff's action be transferred to the United States District Court for the Middle District of Alabama.

In the original complaint, Plaintiff named Governor Kay Ivey and Prison Commissioner Jefferson Dunn as the only two Defendants. (Doc. 1 at 4, PageID.4). He alleged that Defendant Ivey operates a state prison that has a violence and homicide rate more than six times the national average, which is due to overcrowding and a staffing shortage. (*Id.*). Defendant Dunn is charged with operating a prison with deliberate indifference to known imminent dangers to life, health, and well-being by failing to hire and train an adequate number of guards to provide safety and security

from inmate attacks.  (*Id.*).  After having witnessed stabbings and counting over 80 days on which inmates were stabbed, Plaintiff complained about the rising level of violence at his maximum-security prison, overcrowding, and staff shortage and feared he may become a victim.  (*Id.*).  Plaintiff maintained that the United States District Court for the Middle District of Alabama found that the "staff-shortage [was] an overarching issue that contribute[s] to the Eighth Amendment violation[s]."  (*Id.* at 10, PageID.10).  Thus, Plaintiff concluded that a "prisoner release order is the only remedy that will correct the constitutional violations," (*Id.*; *Id.* at 6, PageID.6), and requested a three-judge panel, his release, and a finding that Holman Correctional Facility's (Holman) conditions of confinement violate the Eighth Amendment. (*Id.* at 6, PageID.6; *Id.* at 8, PageID.8).

In screening the complaint, the Court found the complaint was deficient because the request for a three-judge panel is not proper unless a prior order has been entered by a court for less intrusive relief that has failed to remedy the deprivation after a defendant had a reasonable amount of time to comply with the court's order, *see* 18 U.S.C. § 3626(a)(3)(A).  (Doc. 9 at 3-4, PageID.33-34).  The Court further determined that Defendants Ivey and Dunn were not plausibly alleged to be deliberately indifferent, which is necessary for stating a claim for an Eighth Amendment violation.  (*Id.* at 7, PageID.37).  Thus, Plaintiff was ordered to file an amended complaint to correct the deficiencies noted in the order and was advised of pleading requirements for stating a § 1983 claim.

In the amended complaint, Plaintiff added seven Defendants to the original two Defendants.  (Doc. 10 at 17-18, PageID.55-56).  Defendants' addresses reflect that four

Defendants are located in the Middle District of Alabama and five Defendants are located in the Southern District of Alabama. (*Id.* at 17-18, PageID.55-56). Plaintiff points to the case of *Braggs v. Dunn*, 257 F. Supp.3d 1171 (M.D. Ala. 2017) (2:14cv601-MHT(WO)), for the proposition that a court entered an order that the Alabama prisons are overcrowded and extremely understaffed. (*Id.* at 11, PageID.49). Plaintiff maintains that these conditions still persist at Alabama prisons causing the prisons to be violent. (*Id.* at 11-15, PageID.49-53). He maintains that no effective remedy to reduce the overcrowding or a population reduction was proposed by Defendants to protect him from the violence. (*Id.* at 12, 15, PageID.50, 53). Although he has not been stabbed, he lives in fear of that occurring and directs the Court to his attachment from the *New York Times, 'No One Feels Safe Here*'; *Life in Alabama's Prisons.* (*Id.* 15-16, PageID.53-54, Doc.10-1 at 2, PageID.59).).

According to the decision in *Braggs*, Plaintiff advises that 23,328 prisoners were in the custody of the Alabama Department of Corrections (ADOC). (*Id.* at 13, PageID.51). Whereas ADOC's incarceration capacity is for 13,318 prisoners, which indicates that ADOC's incarceration rate is 175% over capacity. (*Id.*). And he asserts the staff shortages began escalating in 2013 from 12.2% to 43%. (*Id.* at 14, PageID.52).

Plaintiff's amended complaint describes, for the most part, systemic failures of the Alabama prison system, from which Holman is not untouched. These systemic issues are the bases for the claims against Defendants Ivey, Dunn, Culliver, and Price, who are located in Montgomery in the Middle District. (*Id.* at 5-6, 17, PageID.43-44,

3

56).  His claims against these Defendants vary from failure to address the stabbing, overcrowding, and understaffing problems even though they are aware of these issues, which indicates to him the lack of concern and deliberate indifference; that is, Defendant Culliver was Holman's former warden and Defendant Ivey made a "few trips" to Holman. (*Id.*).  The claims against Defendants Mitchell, Smith, and Bolar, who are alleged to be located at Holman in the Southern District, are based on their failure to implement "measures," e.g., recreational plans or religious services, to calm the violent atmosphere.  (*Id.* at 18, PageID.56).  Defendant Stewart as warden had a duty to protect him from the constant threat of danger, but she permitted or "created a great risk of danger to him." (*Id.* at 17, PageID.55).  And Defendant Rabon as deputy warden failed to remedy the problems posed by overcrowding, and due to his inaction, a dangerous and violent situation was created, which made for unsafe living conditions. (*Id.*).  For relief, Plaintiff requests "declaratory damages in the form of the issuance of a prisoner release order."  (*Id.* at 7, PageID.45).

Venue for a § 1983 action is governed by 28 U.S.C. § 1391, which provides:

> (b). . .--A civil action may be brought in—
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the

4

> court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1-3)(2015); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action); *Ivory v. Warden, Governor of Ala.*, 600 F. App'x 670, 676 (11th Cir. 2015) (same).

In the present action, Plaintiff, who is presently incarcerated at Holman in the Southern District of Alabama, is complaining mainly about problems that are system-wide in the Alabama prison system: overcrowding, understaffing, and violence.[1] He brings direct claims on these issues against Defendants who are located in the Middle District. The claims against Defendants in the Southern District appear to be predicated on these issues, although his claims are vaguely pled and are not necessarily presenting themselves as being of constitutional magnitude. When this action was initially filed, it should have been filed in the Middle District where Defendants Ivey and Dunn were located, as there were no other Defendants. Because Plaintiff's claims in the amended complaint are for systemic issues in the Alabama prison system operated by ADOC, which has its headquarters in Montgomery in the Middle District, where four Defendants are also located, and he relies on an order from the Middle District in an attempt to satisfy 18 U.S.C. § 3626's prior-order requirement, it is recommended that, in the interest of justice and for the convenience of the parties, this action be transferred to

---

[1] Since the filing of this action, the Department of Justice, on December 4, 2020, filed *USA v. State of Alabama and Alabama Department of Corrections,* CA No. 2:20-cv-01971-JHE (N.D. Ala.), pursuant to 42 U.S.C. § 1997, *et seq.* (CRIPA), to address, among other things, prisoner-on-prisoner violence, sexual abuse, excessive force by staff, understaffing, and inadequate and unsafe facilities.

the United States District Court for the Middle District of Alabama. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (a court may transfer action *sua sponte* but notice should be given to the parties before the transfer occurs).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 19th day of January, 2021.

s/ P. BRADLEY MURRAY
**UNITED STATEES MAGISTRATE JUDGE**